**Elizabeth Diane DOWNS, Petitioner—Appellant,**

**v.**

**Michael MCGEE, Superintendent, Oregon Women's Correctional Center; et al., Respondents—Appellees.**

**No. 06–35603.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2007.

Filed Aug. 28, 2007.

---

C. Renee Manes, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Youlee Yim You, Office of the Oregon Attorney General, Salem, OR, for Respondents–Appellees.

Before: GOODWIN, REINHARDT, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Elizabeth Dianne Downs, a Oregon state prisoner, was sentenced to an indeterminate term of imprisonment as a "dangerous offender" on account of a severe personality disorder. Downs is not eligible for parole until 2009, when she will have completed her minimum sentence. In 1999, 2002, and 2004, Downs petitioned the Oregon Board of Parole and Post–Prison Supervision ("Board") to move up her parole eligibility date and release her before the minimum sentence is completed. The Board rejected each of Downs's requests. Downs sought habeas relief in Oregon state courts, contending that the Board's decisions violated her due process rights. Each of her state habeas petitions was dismissed on state law grounds.[1] In 2004, Downs filed a habeas petition in federal district court. The district court denied the petition, and this appeal followed.

Downs argues that the Board violated her due process rights by refusing her request for an early parole consideration hearing under Or.Rev.Stat. § 144.228(1)(c).

We analyze the due process claim in two steps. "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir.2006) (internal quotation marks omitted).

A state creates a protected liberty interest when it "establish[es] substantive predicates to govern official decision-making" and "mandat[es] the outcome to be reached upon a finding that the relevant criteria have been met." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 462, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (internal quotation marks omitted). Or. Rev.Stat. § 144.228(1)(c) provides that if the Board determines that "there is a reasonable cause to believe that the prisoner is no longer dangerous ... it shall conduct a review as soon as is reasonably convenient." Although the statute uses mandatory language ("shall"), that directive comes into effect only after the prisoner establishes that there is a reasonable cause to believe that he is no longer dangerous. The burden is on the prisoner to file a request for early consideration that meets that condition. There is no liberty interest in a hearing unless and until a prisoner does so.

In this case, the materials Downs submitted to support her request for early consideration did not establish "reasonable cause." Dr. Kupers' letter and recommendation was not based on a persuasive psychiatric evaluation. He had never met

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Oregon state courts did not reach the merits of Downs' due process claims, we

do not apply the deferential review standard of the Anti–Terrorism and Effective Death Penalty Act of 1996. *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir.2003).

Downs. His letter did not discuss the narcissistic personality disorder that was the basis for her dangerous offender designation; it is not even clear that he had ever reviewed her psychiatric files. His letter is based on Downs's prison disciplinary record, which the Board could itself have reviewed, and on observations regarding women in general rather than Downs specifically. Contrary to Downs's contention, Warden Middleton's letter did not voice support for her parole request. Warden Middleton's letter merely summarized Downs's disciplinary record for the Board's consideration. Notably, Downs has not accepted responsibility for her crimes of conviction, and maintains to this day that state authorities framed her. Thus, under whatever standard a court might review her claim, it would be required to conclude that she did not establish reasonable cause to believe that she is no longer dangerous. Because Downs did not, under any standard, satisfy the condition for receiving a hearing under state law, we do not consider whether the hearing itself would satisfy the due process clause.

A state is not required to provide a procedure for early review and, if it does, it may condition a prisoner's eligibility for such a procedure on the prisoner's meeting certain requirements. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7–8, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Here, Downs simply failed to meet the good cause requirement. Thus, in her case, no liberty interest came into effect.

**AFFIRMED.**